UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SILAS T. MCADOO,

        Petitioner,                        Case No. 1:18-cv-635

v.                                                Honorable Janet T. Neff

LES PARISH,

        Respondent.
_____/

## OPINION

This purports to be a habeas corpus action brought by a state prisoner.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After

---

[1] The Court docketed Petitioner's complaint as it was titled and repeatedly referenced: as a motion for habeas corpus relief filed by a state prisoner imprisoned on a state-court judgment, which necessarily is one filed under the authority of 28 U.S.C. § 2254. The Court therefore ordered Petitioner to pay the $5.00 filing fee applicable to habeas corpus proceedings. Petitioner now has filed a motion for clarification (ECF No. 6), suggesting that, while he still seeks to pursue a habeas corpus action, he is attempting to seek relief under the First, Fifth, and Fourteenth Amendments of the Constitution and federal criminal statutes, and he invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 as well as the Court's habeas jurisdiction. The Court will address the motion *infra*.

undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the claims raised are not reviewable in a habeas corpus proceeding.

## Discussion

### I. Factual allegations

Petitioner Silas T. McAdoo is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Petitioner pleaded guilty in the Wayne County Circuit Court to two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and one count of second-degree murder, Mich. Comp. Laws § 750.317. On March 24, 1995, the court sentenced Petitioner to three terms of life imprisonment with the possibility of parole.

In his purported habeas corpus petition, however, Petitioner does not challenge his incarceration. Instead, he complains about actions taken by the City of Ludington and the Michigan Tax Tribunal in denying Petitioner's wife's request to receive a disabled-veteran tax exemption on their home address after Petitioner was incarcerated. Petitioner alleges that the City of Ludington Board of Review denied the application on December 14, 2016, on the grounds that it did not believe that the residence was the homestead of a qualified veteran and did not believe that the qualified veteran had ever established residency at the address. (ECF No. 1-4, PageID.26-29.) The board based its determination on the following:

> Taxpayer is a veteran and meets the qualifications for a veteran and has a homestead. The issue is that the spouse got the house . . . in 1999 and the taxpayer was sentenced for life in prison in 1995 and he has never lived in the house. The assessor is advising the Board of Review to deny the appeal and then recommend the spouse to appeal this to the State Tax Tribunal. There is really no evidence to deny this appeal; however, with the evidence that has come to light and the fact that there has been no situation like this in the past, the assessor does not think this should be approved. It the State Tax Tribunal *rules* on this on the appeal this will then set precedence for future appeals.

(Bd. of Review Tax Appeal Minutes, ECF No. 1-4, PageID.27.)

Petitioner alleges that he sent letters to the Michigan Tax Tribunal, together with copies of the deeds and marriage license. According to Petitioner's statement in support of the case, the tax tribunal sent a notice of no action to Petitioner and his wife on March 27, 2017, and the tribunal entered an order dismissing the matter on March 27, 2017. (Statement in Supp. of Case, ECF No. 1-1, PageID.14.)

Petitioner filed an appeal from the tax tribunal's dismissal in the Michigan Court of Appeals. The court of appeals dismissed the appeal on June 8, 2017, for lack of jurisdiction, as the appeal was filed more than 21 days after the March 27, 2017 order, but notified Petitioner of his ability to file a delayed application for leave to appeal. (6/8/2017 Mich. Ct. App. Order, ECF No. 1-4, PageID.35.) Petitioner then filed a delayed application for leave to appeal, which the court of appeals denied for lack of merit on September 27, 2017. (9/27/2017 Mich. Ct. App. Order, ECF No. 1-4, PageID.44.) Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on May 1, 2018. (5/1/2018 Mich. Order, ECF No. 1-4, PageID.53.)

Petitioner now brings a habeas corpus action, asserting that he has been denied due process and his rights under Mich. Comp. Laws § 211.7b. He also asserts that city and state officials have conspired to deny him his civil rights, in violation of 18 U.S.C. § 241. Finally, he contends that he was denied his rights under the First Amendment because, following his transfer to the Muskegon Correctional Facility on April 26, 2018, he was not provided his legal property until May 7, 2018, and he was not given adequate access to the law library.

II. Analysis

The instant petition is subject to summary dismissal because Petitioner is challenging his entitlement to state property tax relief, not his confinement. Where a prisoner is

(Bd. of Review Tax Appeal Minutes, ECF No. 1-4, PageID.27.)

Petitioner alleges that he sent letters to the Michigan Tax Tribunal, together with copies of the deeds and marriage license. According to Petitioner's statement in support of the case, the tax tribunal sent a notice of no action to Petitioner and his wife on March 27, 2017, and the tribunal entered an order dismissing the matter on March 27, 2017. (Statement in Supp. of Case, ECF No. 1-1, PageID.14.)

Petitioner filed an appeal from the tax tribunal's dismissal in the Michigan Court of Appeals. The court of appeals dismissed the appeal on June 8, 2017, for lack of jurisdiction, as the appeal was filed more than 21 days after the March 27, 2017 order, but notified Petitioner of his ability to file a delayed application for leave to appeal. (6/8/2017 Mich. Ct. App. Order, ECF No. 1-4, PageID.35.) Petitioner then filed a delayed application for leave to appeal, which the court of appeals denied for lack of merit on September 27, 2017. (9/27/2017 Mich. Ct. App. Order, ECF No. 1-4, PageID.44.) Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on May 1, 2018. (5/1/2018 Mich. Order, ECF No. 1-4, PageID.53.)

Petitioner now brings a habeas corpus action, asserting that he has been denied due process and his rights under Mich. Comp. Laws § 211.7b. He also asserts that city and state officials have conspired to deny him his civil rights, in violation of 18 U.S.C. § 241. Finally, he contends that he was denied his rights under the First Amendment because, following his transfer to the Muskegon Correctional Facility on April 26, 2018, he was not provided his legal property until May 7, 2018, and he was not given adequate access to the law library.

II. Analysis

The instant petition is subject to summary dismissal because Petitioner is challenging his entitlement to state property tax relief, not his confinement. Where a prisoner is

challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining of the conditions of their confinement, mistreatment during their legal incarceration or any other matter. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Petitioner, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner arguably may bring constitutional challenges concerning his property taxes in a complaint under 42 U.S.C. § 1983, but such claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Petitioner has filed a motion to clarify his petition, in which he acknowledges that he does not seek traditional habeas relief in the form of release from custody. Instead, he argues that he is seeking relief from an order of a state agency that allegedly violated his rights under the First, Fifth, and Fourteenth Amendments and 18 U.S.C. §§ 241-242. Nevertheless, Petitioner continues to characterize his action as a habeas corpus proceeding.

Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)

(dismissing a § 1983 suit brought as a § 2254 petition)). The Sixth Circuit has held that where a petitioner seeks relief from unconstitutional conduct unrelated to his conviction and sentence—claims that are not cognizable in an action under § 2254—the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin*, 391 F.3d at 714.

Further, Petitioner's belated "motion for clarification" of the nature of his action, which essentially asks this Court to construe his petition as one raising civil rights claims without changing his demand that the Court exercise its habeas corpus jurisdiction, does not alter this result. In *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997), the Seventh Circuit identified numerous reasons for not construing a § 1983 action as one seeking habeas relief: (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) differing defendants; (3) differing standards of 28 U.S.C. § 1915(a)(3) and § 2253(c); (4) differing fee requirements; and (5) potential application of second or successive petition doctrine or three-strikes rules of 28 U.S.C. § 1915(g)). Those reasons apply with equal force to caution against construing a habeas action as a civil rights action. Indeed, in the instant case, Petitioner has sought and been granted pauper status as a habeas petitioner. He has not been subjected to the much higher fee requirements for civil rights complaints, and he has not risked obtaining a dismissal of his action amounting to a strike under 28 U.S.C. § 1915(g). Moreover, Petitioner has been a plaintiff in three prior civil rights actions. *See McAdoo v. Mustaffa et al.*, No. 2:04-cv-71926 (E.D. Mich.); *Thompson et al. v. Overton et al.*, No. 2:03-cv-70234 (E.D. Mich.); *McAdoo v. Jackson State Prison et al.*, No. 2:96-cv-75213 (E.D. Mich.). He therefore understands the availability of civil rights complaints to address constitutional claims such as those before the Court. For these reasons, Petitioner's motion for clarification (ECF No. 6) will be denied.

Because Petitioner sought to bring his claim as a habeas corpus petition, and because his claims are not reviewable in a habeas proceeding, the Court will dismiss Petitioner's habeas action without prejudice to his ability to file a civil rights complaint.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a federal claim that is reviewable in a habeas corpus proceeding.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a Judgment and Order consistent with this Opinion.

Dated: July 27, 2018                     /s/ Janet T. Neff
                                         Janet T. Neff
                                         United States District Judge

7